**HOGAN LOVELLS US LLP**
Vassi Iliadis (Bar No. 296382)
James W. Ettinger (Bar No. 344292)
Jacobo Enrique Rueda Fernandez (Bar No. 349064)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
jay.ettinger@hoganlovells.com
jacobo.rueda@hoganlovells.com

*Attorneys for Defendant*
*Albertsons Companies, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

STACEY PENNING, on behalf of herself and all others similarly situated,

*Plaintiff,*

v.

ALBERTSONS COMPANIES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

*Defendants.*

Case No. 4:26-cv-4340

**DEFENDANT ALBERTSONS COMPANIES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1332(d)(2), 1441(c), 1446, AND 1453**

(Contra Costa County Superior Court Case No. C26-01105)

[*Defendant's Declaration in Support of Notice of Removal, Corporate Disclosure Statement, and Certification of Conflicts and Interested Entities or Persons filed concurrently herewith*]

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441(c), 1446, and 1453, Defendant Albertsons Companies, Inc. ("Albertsons") hereby removes this action from the Superior Court of California, County of Contra Costa to the United States District Court for the Northern District of California.

In support of this Notice of Removal, Albertsons states as follows:

## BACKGROUND

1. On April 1, 2026, Plaintiff Stacy Penning ("Plaintiff") filed a putative Class Complaint ("Complaint" or "Compl.") against Albertsons in the Contra Costa County Superior Court, Case No. C26-01105, relating to Albertsons' alleged use of certain e-commerce and analytics technologies on its public website, www.andronicos.com (the "Website"). *See* Compl. ¶¶ 1-4. A copy of the Complaint is attached to the Notice of Removal as **Exhibit A**.

2. Plaintiff purports to represent a putative nationwide class, consisting of "[a]ll United States residents who accessed the Website . . . two years prior to the filing date of this Complaint" (the "Nationwide Class"), as well as a putative subclass, consisting of "[a]ll California residents who accessed the Website in California . . . one year prior to the filing date of this Complaint" (the "California Subclass"). *Id.* ¶ 98.

3. While the Complaint does not specify the size of either the Nationwide Class or the California Subclass, Plaintiff alleges "that members of the Class are so numerous that joinder of all members is impracticable." *Id.* ¶ 100.

4. The Complaint lodges a claim on behalf of the putative Nationwide Class under the federal wiretap statute, 18 U.S.C. § 2510 *et seq*. (the "Federal Wiretap Act"), which Plaintiff alleges imposes "statutory damages of whichever is the greater of $100 per day per violation or $10,000." Compl. ¶¶ 120-31. Plaintiff also asserts a claim on behalf of the putative California Subclass under the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* ("CIPA"), which she claims imposes statutory damages of $5,000 per violation, Compl. ¶¶ 107-19, as well as three other state law claims, Compl. ¶¶ 132-68. Each claim is predicated on Albertsons' alleged use of certain e-commerce and analytics technologies on the Website.

**COMPLIANCE WITH 28 U.S.C. §§ 1441, 1446, 1453**

5. Plaintiff served Albertsons with the Complaint on April 10, 2026.

6. Albertsons is the only named defendant in the State Court Action.[1] No other defendants need to join in or consent to the removal of this action. 28 U.S.C. § 1453(b).

7. The Notice of Removal is timely because it is filed within 30 days of the service of the Complaint upon Albertsons. 28 U.S.C. §§ 1453(b); 1446(b)(1).

8. The Contra Costa County Superior Court is located within this judicial district. 28 U.S.C. § 84(b). The Notice of Removal is therefore properly filed in this Court. 28 U.S.C. §§ 1441(a); 1446(a).

9. Beyond the Complaint, *see* **Exhibit A**, copies of all other filings in the State Court Action are attached to the Notice of Removal as **Exhibit B**. 28 U.S.C. § 1446(a). As of the date of this filing, no other pleadings have been filed in the State Court Action, and no motions are pending in the State Court Action. A copy of the current State Court Action docket sheet is attached to the Notice of Removal as **Exhibit C**.

10. Pursuant to 28 U.S.C. § 1446(d), upon filing the Notice of Removal, Albertsons will promptly provide written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Contra Costa County Superior Court, along with a copy of the Notice of Removal.

**BASIS FOR FEDERAL JURISDICTION**

11. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Court has original jurisdiction over this action for two reasons.

[1] In addition to Albertsons, the Complaint impleads unknown Defendants Does 1 through 100. *See* Compl. The Complaint does not make any allegations as to these unknown defendants.

**A. Federal Question Jurisdiction**

12. First, federal courts have original jurisdiction over civil actions arising under federal statutes pursuant to 28 U.S.C. § 1331. Further, 28 U.S.C. § 1367(a) provides that courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13. Here, the Court has original jurisdiction over Plaintiff's claim under the Federal Wiretap Act. *See* 28 U.S.C. § 1331; *see also* Compl. ¶¶ 120-31. Plaintiff's remaining claims all relate to the same factual allegations that undergird their federal claim: Albertsons' alleged use of e-commerce and analytics technologies on the Website. *Compare id.* ¶¶ 120-31 *with id.* 107-19 (First Cause of Action), 132-68 (Third, Fourth, and Fifth Causes of Action). Therefore, the Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**B. CAFA Jurisdiction**

14. Second, the Class Action Fairness Act ("CAFA") permits removal to federal court of class actions filed in state court if:

(a) any member of the putative plaintiff class is a citizen of a state different than any defendant (28 U.S.C. § 1332(d)(2)(A));

(b) the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(B)); and

(c) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332 (d)(2)).

15. The jurisdiction of this Court is proper under CAFA because (i) there exists minimal diversity among the parties; (ii) the State Court Action was brought as a putative class action with more than 100 putative members; and (iii) the aggregate amount-in-controversy—based on Plaintiff's own allegations—exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

///

///

**i. At Least One Proposed Class Member is a Citizen of a Different State than Defendant**

16. Under CAFA, a corporation is considered a citizen of every State where it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1)); *see, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Albertsons is a Delaware corporation with a principal place of business in Idaho. Compl. ¶ 7. As such, Albertsons is a citizen of Delaware and Idaho.

18. The Complaint alleges Plaintiff resides in and thus is a citizen of California. *Id.* ¶ 6. Plaintiff also brings this suit on behalf of a putative Nationwide Class and a putative California Subclass. *Id.* ¶ 98.

19. Because Plaintiff and putative class members are citizens of a state different from Albertsons, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

**ii. The Members of The Proposed Plaintiff Class Exceed 100**

20. The Complaint alleges that the members of the putative class "are so numerous that joinder of all members is impracticable." Compl. ¶ 100. Plaintiff seeks to represent "[a]ll United States residents who accessed the Website . . . two years prior to the filing date of [the] Complaint." *Id.* ¶ 98. Plaintiff also seeks to represent "[a]ll California residents who accessed the Website . . . one year prior to the filing date of [the] Complaint." *Id.* Albertsons' business records indicate that the number of individuals with a preferred zip code in California who have visited and interacted with the Website during the relevant time period is more than 500. *See* Declaration of Jai John ("John Decl."), ¶ 5.

21. Based on these allegations, CAFA's numerosity requirement is met. 28 U.S.C. § 1332(d)(5)(B).

**iii. The Aggregate Amount in Controversy Exceeds $5,000,000**

22. While the Complaint asserts that "[t]he amount in controversy as to the Plaintiff individually and each individual class member does not exceed $75,000.00," Compl. ¶ 8, "[a] defendant removing a putative class action need only demonstrate that the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-

cv-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (quoting 28 U.S.C. § 1332(d)(2)). Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," the removing defendant may "simply allege or assert in the notice removal that the jurisdictional threshold has been met." *Id.* (citation modified). The amount in controversy includes "damages '(compensatory, punitive, or otherwise) and the costs of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes or contract.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

23. In a class action, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6). Here, Plaintiff does not allege a specific amount in controversy in the Complaint. However, Plaintiff seeks various forms of monetary and injunctive relief that likely exceed the $5 million threshold. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (observing that "[a] defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction").[2]

24. The Complaint brings a claim under the Federal Wiretap Act on behalf of a putative Nationwide Class, and Plaintiff asserts that each putative class member is entitled to statutory damages of whichever is the greater of $100 per day per violation or $10,000. *See* Compl. ¶¶ 98, 131. Plaintiff also asserts a CIPA claim on behalf of the putative California Subclass, maintaining that each putative class member is entitled to $5,000 in statutory damages per alleged violation. *Id.* ¶¶ 98, 119.

25. Albertsons' business records indicate that more than 500 individuals with a preferred zip code in California have visited and interacted with the Website during the relevant time period. John Decl., ¶ 5. Thus, according to Plaintiff, those individuals would qualify as members of both the putative Nationwide Class and the putative California Subclass. *See id.* ¶ 98. Based on

[2] Of course, "[e]ven when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

Plaintiff's allegations, that would yield statutory damages in an amount exceeding $5 million. *Id.* ¶¶ 119, 131.

26. In addition, the Complaint seeks attorneys' fees under the Federal Wiretap Act as well as two of Plaintiff's state law claims. *See id.* ¶¶ 131, 152, 168; *see also id.* at Prayer for Relief (seeking "reasonable attorney's fees and expenses and costs of suit."). Courts in this district require attorneys' fees to be included in the amount-in-controversy estimate when permitted under the asserted claims. *See Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1138 (N.D. Cal. 2020).

27. Accordingly, the $5 million amount-in-controversy threshold is met here, both under several independent categories of requested relief and in the aggregate.

**RESERVATION OF RIGHTS AND DEFENSES**

28. By removing this case, Albertsons does not consent to personal jurisdiction; does not concede that this Court is a convenient forum; and does not waive any of its defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including its right to have Plaintiff's dispute arbitrated or decided by other means of alternative dispute resolution upon further investigation.

29. Albertsons does not admit any of the allegations in the Complaint, and does not concede that Plaintiff is entitled to any relief. *See Jauregui*, 28 F.4th at 993 ("[T]he defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy"); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is […] not a prospective assessment of defendant's liability.").

30. Albertsons reserves the right to amend or supplement the Notice of Removal as necessary.

WHEREFORE, Albertsons respectfully submits that the State Court Action is properly removed to this Court.

///

///

///

///

///

///

Dated: May 11, 2026

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ *Vassi Iliadis*

Vassi Iliadis (Bar No. 296382)
James W. Ettinger (Bar No. 344292)
Jacobo Enrique Rueda Fernandez (Bar No. 349064)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
jay.ettinger@hoganlovells.com
jacobo.rueda@hoganlovells.com

*Attorneys for Defendant Albertsons Companies, Inc.*