UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACY PENNING,

Plaintiff,

v.

ALBERTSONS COMPANIES, INC.,

Defendant.

Case No. 3:26-cv-04340-JSC

**ORDER REMANDING ACTION TO CONTRA COSTA COUNTY SUPERIOR COURT**

Re: Dkt. No. 22

Plaintiff Stacy Penning filed this putative class action against Albertson's Companies, Inc., alleging it installs third-party trackers on individuals' internet browsers when they visit the website www.andronicos.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. Plaintiff initially filed the complaint in the Contra Costa County Superior Court and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Dkt. No. 1 at ¶¶ 12-15.)

As a review of the Complaint raised concerns about the Court's subject matter jurisdiction, Defendant was ordered to show cause (OSC) as to why this action should not be remanded to the Contra Costa County Superior Court based on Plaintiff's failure to allege facts which support an inference she suffered a concrete injury for purposes of Article III standing. (Dkt. No. 22.) Defendant's response to the OSC concedes Plaintiff lacks Article III standing, but requests the Court dismiss the action rather than remand. (Dkt. No. 29.) Under 28 U.S.C. § 1447(c) "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." "[T]he literal words of § 1447(c) [] on their face, give ... no discretion to dismiss rather than remand an action"; rather, [t]he statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be

United States District Court
Northern District of California

remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). While "[a] narrow futility exception to this general [remand] rule permits the district court to dismiss an action rather than remand" it is only where "there is *absolute certainty* that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022) (cleaned up, emphasis added).[1] Defendant has not shown dismissal is an absolute certainty and the Court follows the mandate of Section 1147(c) and remands this action to state court.

Accordingly, this action is REMANDED to the Contra Costa County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

[1] In *Sauk-Suiattle* the Ninth Circuit noted it was an open question as to whether the futility exception was good law in light of *International Primate*, but concluded it was bound by its precedent to apply the exception. 56 F.4th at 1189-90.